UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| L. ANDREW BERNHEIM | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-2195(FSH) |
| | : | |
| THE ESTATE OF MAXINE | : | OPINION, ORDER AND |
| BEDRICK, et al. | : | REPORT & RECOMMENDATION |
| | : | |
| Defendants | : | |

This matter having come before the Court by way of motion of the plaintiff, filed August 6, 2007, for leave to file an Amended Complaint to add Patricia Bedrick Veneziano and Peter Broberg as defendants and to add claims against them;[1]

---

[1] On February 20, 2007, the plaintiff filed a Complaint against defendant Estate of Maxine Bedrick in the New Jersey Superior Court alleging that Maxine Berick obtained money using insurance policies the plaintiff owned and obtained money that her husband, Bernard Bedrick had stolen from plaintiff. Docket No. 1, Exhibit A. On May 9, 2007, the defendant removed the action to this Court based upon the existence of diversity jurisdiction. See Docket Entry No. 1, at ¶ 4. On May 16, 2007, the defendant filed its Answer and the parties appeared for a Rule 16 conference on August 6, 2007. At the conference, the Court set various deadlines, including the deadline to serve interrogatories and document demands as September 17, 2007, and the fact and expert discovery deadlines as March 23, 2008. Order, dated August 6, 2007. During the conference, the plaintiff stated that he had filed a motion for leave to amend the Complaint to join Patricia Bedrick Veneziano and Peter Broberg as defendants, to remand, and to recuse Judge Hochberg if the case is not remanded.

The proposed Amended Complaint alleges that Maxine Bedrick and Bernard Bedrick were the parents of Dawn Bedrick and Patricia Bedrick Veneziano. See Amended Complaint at ¶¶ 4, 9. Plaintiff married Dawn from whom he is now divorced. Plaintiff asserts that he was awarded life insurance policies that insured the life of Bernard Bedrick, id. but Maxine Bedrick refused to relinquish the policies and took actions to compromise their value. Id. at ¶¶ 10-11. Plaintiff claims that Maxine Bedrick converted insurance policies and depleted their value, see id. at ¶¶ 14-15, 24, 26, wrongfully took jewelry and other items from his home, id . at ¶ 13, was unjustly enriched, see id. at ¶¶ 16-17, and he is entitled to a constructive trust or lien on her estate. See id. at ¶¶ 18-19. Plaintiff claims the estate of Maxine Bedrick engaged in improper transactions, see id. at ¶¶ 35-41, and that defendant Broberg, the estate's administrator, breached

1

and the Court having considered the parties' submissions and the proposed pleading;[2]

---

his fiduciary duty to the plaintiff as a creditor of the estate, see id. at ¶¶ 27-30, 42-43, and wrongfully transferred estate assets to defendant Veneziano to the plaintiff's detriment. See id. at ¶¶ 35-38. Plaintiff seeks to a full estate accounting and to enjoin further distributions from the estate. See id. at ¶¶ 44-45. Plaintiff alleges that defendant Veneziano received estate assets to which she was not entitled and received assets plaintiff contends belong to him. See id. at ¶¶ 31-34. Plaintiff alleges that defendant Veneziano transferred her rights to these insurance policies and has committed "a fraud" by taking proceeds from policies that he claims are part of Maxine Bedrick's estate. Id. at ¶ 34.

The proposed pleading also seeks to join John Doe defendants who are allegedly sureties of defendant Broberg's activities and persons who plaintiff alleges conspired to injure him. See id. at ¶¶ 42-43.

[2]In support of his request for leave to file an Amended Complaint, the plaintiff argues that he has made facially valid claims against the new defendants and has not unduly delayed seeking to add them. He further asserts that defendant Veneziano is an indispensable party as he seeks to void transfers of estate assets, including those made to her, and he cannot obtain his relief unless she is a party. He argues that if she is not a party, she will be unable to protect her interest in the property. Finally, he argues that the addition of defendant Veneziano deprives this Court of subject matter jurisdiction and the case must, therefore, be remanded.

In opposition, the defendants argue that the motion to add claims against defendants Broberg and Venizano should be denied. As to defendant Veneziano, defendants argue: (1) that joinder is being sought only to destroy diversity jurisdiction and that plaintiff was aware of potential claims against her when he filed his complaint in state court in February 2007 and provided no reason for not having named her in the initial complaint; (2) she is not a necessary party under Rule 19 because her absence will not preclude the plaintiff from obtaining relief from the estate and his claims against the estate are different from those against her as his claims against her are akin to a post-judgment enforcement action that he can seek only if he obtains a judgment against the estate and an order for the return of estate property that he contends she possesses; (3) the addition of this defendant will delay these proceedings and he will not be prejudiced if the motion is denied because he can assert his claims against the estate as part of the pending probate proceedings in Florida; (4) the claim against her is futile because (a) it sounds in fraud and is not plead with particularity, (b) to the extent the claim is based upon the insurance policies, the claim is barred by res judicata; and (c) there has been no distribution of estate assests other than specific bequests and that all other assets are being held in an account pending resolution of the probate proceeding; and (5) the equities weigh against adding her as a party because of the difference in the claims against her versus those against the estate, the plaintiff's claim in the probate case will protect his interest, and remand of this action would not decrease the number of proceedings dealing with the same subject matter.

and the Court having decided this motion without oral argument pursuant to Fed. R. Civ. P. 78 and Local Civ. R. 78.1;

and this case having been removed from state court based upon diversity of citizenship between the parties named in the original complaint;

and the plaintiff now seeking to add one defendant whose citizenship is the same as his and the addition of this defendant would thereby destroy diversity and divest this Court of subject matter jurisdiction;

and where a motion involves adding defendants to a case that has been removed, the Court must consider whether the motion is governed by Rule 15, Rule 20 or the removal statute;

and some courts holding that where an amendment to add parties is sought which, if

---

As to defendant Broberg, defendants argue: (1) the claims against him are futile because: (a) plaintiff is a contingent judgment creditor and lacks standing to assert a claim that an estate was mismanaged and, in any event, such claims against administrators are to be brought before the probate court;  (b) the claim of breach of fiduciary duty alleged in Count 7 sounds in fraud and has not been plead with specificity; (c) the plaintiff is not a creditor and there is no judgment against the estate and hence there is no debt due to him and any transfers alleged in Counts 9 and 10 could not be fraudulent under the applicable Fraudulent Transfer Acts and, in any event, he has failed to plead these claims with specificity, (c) at most, he has sustained money damages and hence he is not entitlted to the injunciton sought in Count 12;  (2) the Court lacks personal jurisdiction over defendant Broberg; and (3) the plaintiff was aware of defendant Broberg's role at the time he filed the original complaint and delayed adding him until the prospect of dismissmal on based upon <u>res</u> <u>judicata</u>, the entire controversy doctrine, and statute of limitations loomed.

As to the proposed John Doe defendants who are alleged to be sureties of defendant Broberg, the defendants argue that as there is no cognizable claim against defendant Broberg, there is no claim against his sureties.

The defendants take no position on the motion to recuse Judge Hochberg.

By way of letter dated September 6, 2007, the plaintiff requested leave to submit a reply. The Court has considered the submissions and the governing law and has determined that no reply is needed.

3

granted, would destroy diversity jurisdiction, the request to amend is not governed by Rule 15(a), which applies to amendments generally, but rather by 28 U.S.C. § 1447(e), White v. City Finance Co., 277 F. Supp. 2d 646, 650 n.7 (S.D.Miss. 2003) (stating that if a motion to amend will destroy subject matter jurisdiction, the court must apply 28 U.S.C. § 1447(e) and citing Johnson v. Sepulveda Props. Inc., Civ. No. 99-2312, 1999 WL 728-746, *2 (E.D. La Sept. 16, 1999); Kortum v. Raffles Holdings LTD, Civ. No. 01-C-9236, 2002 WL 31455994, *3 (N.D. Ill. Oct. 30, 2002);  Lehigh Mech. Inc. v. Bell Atlantic Tricon Leasing Corp., Civ. No. 93-673, 1993 WL 298439, *3 (E.D. Pa.  Aug. 2, 1993) (stating requests to join nondiverse parties governed by Section 1447(e); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999); cf., Thorton v. New York Life Ins. Co., et al., 211 F.R.D. 606, 608-09 (N.D. Cal. 2002) (noting that Rule 15 governs amendments to pleadings after removal other than amendment to join parties; the latter is governed by Section 1447(e));

and others courts concluding that to decide a motion to amend in a removal case, Rules 15 and 20 must be read in conjunction with 28 U.S.C. § 1447(e), Rylick, et al. v. Digital Security Controls, Ltd, Civ. No. 06-2031, 2007 WL 150435, *2 (D.N.J. January 16, 2007)(quoting Gilberg v. Stepan Co., 24 F. Supp. 2d 355 (D.N.J. 1998) for the proposition that when asked to consider a motion for leave to file an amended complaint the Court should consider Rule 15 but where the proposed amendment to the Complaint would seek to add a party that would destroy diversity jurisdiction, the Court should also consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities"); Briarpatch Ltd. L.P., et al. v. Geisler Roberdeau, Inc., 148

4

F. Supp. 2d. 321, 327 (S.D.N.Y. 2001) (stating that when addressing a motion to amend to join a party after removal, the Court must consider Rule 20 and Section 1447(e)); El Chico Restaurants, Inc. v. Aetna Cas. and Sur. Co., 980 F.Supp. 1474, 1484 (S.D. Ga.1997); Wyant v. National R.R. Passenger Corp., 881 F.Supp. 919, 922 (S.D.N.Y. 1995);

and it appearing that under either perspective, courts are always directed to consider Section 1447(e), which states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to State Court.

and as this case involves no federal question, and hence jurisdiction is predicated only upon diversity between the plaintiff and defendants, the addition of individual defendant Patricia Veneziano would destroy diversity jurisdiction;

and the Court therefore having only two choices as defendant Veneziano: (1) to deny joinder, or (2) to permit joinder and recommend remand;

and Section 1447(e) requiring that the Court exercise its discretion to select between these options by "balancing the equities involved and weighing the interests and prejudices to each party involved," Morze v. Southland Corp., 816 F. Supp. 369, 370 (E.D. Pa. 1993);

and the Court of Appeals for the Third Circuit having not announced the standard governing joinder under Section 1447(e), Gilberg, 24 F. Supp. 2d at 356-57;

and former Magistrate Judge Ronald J. Hedges having noted that "virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as . . . providing for a flexible, broad, discretionary approach of the type prescribed in Hensgens v. Deere & Co., 833 F. 2d 1179, 1182 (5th Cir. 1987)," Id. (citations and quotation marks omitted); see also Doe

#4 v. Society for Creative Anachronism, Inc., Civ. Nos. 07-1739 and 07-1440, 2007 WL 2155553, *3 (E.D. Pa. Jul. 25, 2007)(noting that the Third Circuit has not announced a standard but that district courts in the Circuit have adopted Hensgens); Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 369 (E.D. Pa. 2002) (considering both Rule 20 and Section 1447(e)); Kahhan v. Massachusetts Cas. Ins. Co., Civ. No. 01-1128, 2001 WL 1454063, *2 (E.D. Pa. Nov. 14, 2001); Borne v. Siemens Energy & Automation, Inc., Civ. No. 94-3229, 1995 WL 15354, *1 (E.D. La. Jan. 17, 1995)(finding Section 1447 trumps Rule 15 and applying Hensgens); Carter v. Dover Corp., Rotary Lift Div., 753 F. Supp. 577, 579 (E.D. Pa. 1991)(applying Hensgens);

and Hensgens directing courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities," Hensgens, 833 F. 2d at 1182; see also Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 474 (5th Cir. 2001) (citing Hensgens factors);

and put differently, a court being required to consider the motive for the joinder, the existence of purposeful or undue delay, judicial economy and efficiency, the prospect of multiple litigations, prejudice, "whether in the interests of justice, a case should be remanded back to state court," Morze, 816 F. Supp. at 370 (citations omitted), and the importance of the party, see, e.g., Casas Office Mach., Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 675 (1st Cir. 1994);[3]

---

[3]Most courts also conclude that the Rule 19 tests of necessity and indispensability are not applicable under Section 1447.  See, e.g., Casas Office, 42 F. 3d at 674 ; Mayes v. Rapport, 198 F.3d 457, 462 (4th Cir. 1999) (stating that the decision whether or not to permit joinder of a defendant is committed to the sound discretion of the district court and not controlled by a Rule 19 analysis); Kahhan, 2001 WL 1454063, at *2; Tschirhart v. United Air Lines, Civ. No. 96-1620, 1997 WL 199154, *1 n. 5 (D.N.J. Mar. 25, 1997);  Wyant, 881 F. Supp. at 922 n. 3; Horton v. Scripto-Tokai, 878 F. Supp. 902, 908 (S.D. Miss. 1995); Stransky v. American Isuzu

and upon consideration of these factors, the Court finding that Section 1447 does not support denying the motion to join defendant Veneziano and that granting the motion to add the party and recommending remand is proper;[4]

---

Motors, Inc., 829 F. Supp. 788, 790 (E.D. Pa. 1993); Lehigh Mech., 1993 WL 298439 at *2 (stating that the 1988 addition of Section 1447(e) made clear that a court was permitted "to allow the joinder of a nondiverse party, without requiring the nondiverse party be indispensible"). Another court has stated that:

> neither the language of section 1447(e) nor its accompanying policy statements suggest that Rules 19 or 20 control the court's decision to deny joinder, or to permit joinder and remand. As is clear from the permissive language of section 1447(e), Congress gave the courts broad discretion to allow joinder, even though remand may result. Such discretion is inconsistent with the more restrictive approach under Rule 19. . . .The fact that Congress described section 1447(e) as an alternative to dismissal under Rule 19 indicates that Congress did not intend that joinder and remand under that statute be governed by a Rule 19 analysis.

Righetti, et al. v. Shell Oil Co., 711 F. Supp. 531, 535 (N.D. Calif. 1989); but see Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Calif. 1999) (reviewing the necessity of considering Rule 19 to determine if the Court should exercise its discretion to permit joining a nondiverse party); Calderone v. Republic Machine Co., Civ. No. 99-4594, 1999 WL 1095742, *1 (E.D. Pa. Nov. 18, 1999) (stating § 1447(e) analysis may be usefully informed by the standards of Rules 19 and 20). Therefore, the plaintiff's Rule 19 arguments will not be considered as a basis for allowing an amendment to join defendant Veneziano.

[4]The plaintiff has not unduly delayed seeking to add defendant Veneziano in the context of this case. The plaintiff filed his motion the same day as the Rule 16 conference and before discovery commenced. The prompt motion enabled the parties to avoid any prejudice that sometimes occurs when a party seeks to amend when discovery is completed.

Moreover, the defendant cannot claim that it has some vested interest in this federal forum, particularly given the infancy of this litigation. Formal discovery has not yet commenced, no dispositive motions have been filed, and no prejudice to the original defendant has been shown. The absence of prejudice to the original defendant surely weighs in favor of allowing the joinder of the new defendant. See Wyant, 881 F. Supp. at 923.

Furthermore, if joinder were not allowed, the plaintiff would be prejudiced because he would be forced to bring his claims against defendant Veneziano in state court. Hence, he would be required to pursue parallel actions in state and federal court in the addition to lodging claims in the pending probate action. The pendency of multiple lawsuits arising out of common facts

and if the Court were to apply Rule 20 alone, it would also conclude that joinder of defendant Veneziano is proper;

and Federal Rule of Civil Procedure 20(a) providing that:

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action Fed. R. Civ. P. 20;

Fed. R. Civ. P. 20(a);

and thus joinder pursuant to Rule 20(a) requiring both that "(1) a right to relief must be asserted against the parties which is predicated upon or arises out of a single transaction or

---

would also waste judicial resources. For these reasons, "the most logical, economical, and equitable approach is to determine the respective rights and liabilities of all parties . . . in one proceeding." Carter, 753 F. Supp. at 580. Here, it makes sense that one proceeding take place in state court as all of the claims arise under state law. Indeed, given the "lack of a significant federal interest in deciding the state law issues, federal courts prefer to have state courts interpret their own laws." Kahhan, 2001 WL 1454063, at * 3; Carter, 753 F. Supp. at 579; Stipa v. Rodenhicer, Civ. No. 95-1967, 1995 WL 384616, * 2 (E.D. Pa. June 23, 1995). Thus, a proceeding in state court best serves the goals of efficiently resolving disputes and conserving judicial resources.

Finally, there is no evidence that the request to join the New Jersey defendant is motivated solely by a desire to avoid adjudication in federal court or to forum shop. Rather, it is sought because this nondiverse defendant is allegedly in possession of property plaintiff claims was wrongly transferred to her and he seeks to void those transfers. Joinder of this defendant will facilitate plaintiff's goal of obtaining the return of all estate assets to the estate and distribution to him as a creditor.

Nothing herein, however, constitutes rulings concerning the assertion that claims against defendant Veneziano are not barred by res judicata or the entire controversy doctrine or that a case against this defendant is ripe. These issues are appropriate for presentation on a motion for summary judgment in state court.

occurrence or series of transactions and occurrences, *and* (2) there must exist some question of law or fact common to all parties which will arise in the action," N. J. Mach. Inc. v. Alford Indus., Inc., Civ. No. 89-1879, 1991 WL 340196, *1 (D.N.J. 1991) (emphasis in original); see also Morris v. Paul Revere Ins. Group, 986 F.Supp. 872, 885-86 (D.N.J. 1997) (denying plaintiff's motion to join defendant accountants because their actions, although potentially constituting malpractice, had "no bearing on the principal issues in [that] case and consequently fail[ed] to implicate any common questions of law or fact"); Mesa Computer Utilities, Inc. v. Western Union, 67 F.R.D. 634, 637 (D. Del. 1975) (holding that franchise agreements negotiated and executed at different times and locations and with different plaintiffs satisfied both tests even though "[i]t [was] apparent . . . that the legal and factual issues to be determined [would] differ in some respects from one plaintiff to the next" because defendants' "acts of misrepresentation and conspiracy which directly affected all plaintiffs . . . may constitute a single transaction or occurrence for purposes of Rule 20(a)" and because "there [was] . . . [at least] one question of law or fact common to the parties");

and a transaction being defined as "a word of flexible meaning [that may] comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship," Miller v. Hygrade Food Products Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001) (quoting Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974));

and Rule 20 requiring that courts consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness," even when the two-part test is satisfied, such as

> the possible prejudice that may result to any of the parties in the

>litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action,

Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980);

and courts interpreting Rule 20 liberally to "achieve the rule's goals of promot[ing] judicial economy and efficiency," Snodgrass v. Ford Motor Co., Civ. No. 96-1814, 2002 WL 485688, *2 (D.N.J. March 28, 2002); see also Miller, 202 F.R.D. at 144 (stating that "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged") (internal citation and quotation marks omitted);

and motions to join parties under Rule 20 falling squarely within the discretion of the court, which must determine whether the proposed joinder comports with the "principles of fundamental fairness," N.J. Mach. Inc., 1991 WL 340196 at *1;

and the Court finding that the plaintiff should be granted leave to file the proposed Amended Complaint to add defendant Veneziano under Rule 20;[5]

---

[5] Here, the plaintiff has satisfied both factors of the test articulated in N.J. Machine. First, the claims against defendant Veneziano are predicated on the same transactions or occurrences alleged in the original Complaint, namely the alleged misappropriation of plaintiff's property by the deceased and the distribution of these assets from her estate to defendant Veneziano. Second, the factual history of the alleged misappropriation and transfer of the estate assets involve common questions of fact.

Moreover, the plaintiff's request to join these defendants is timely and it will not prejudice the defendant. The Scheduling Order set November 2, 2007 as the deadline to add parties, see Order, dated May 6, 2007, and the plaintiff filed this motion on August 6, 2007, long before the deadline. Furthermore, the deadline to complete discovery is not until March 23, 2008 and thus there remains ample time for all of the parties to conduct discovery.

and the Court finding that even if it were to consider only Rule 15, the considerations thereunder would not warrant denial of the motion for leave to amend the Complaint to add defendant Veneziano;

and Rule 15(a) providing:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires,

Fed. R. Civ. P. 15(a);

and the federal rules allowing for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and providing that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits, Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted);

and, under Rule 15, the decision to amend resting within the sound discretion of the Court; see id.; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981);

and the United States Supreme Court having stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment, see Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006)(stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust" and noting that although there is no "presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay

11

becomes 'undue,'" a delay of eleven months is not presumptively unreasonable); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15);

and with regard to undue delay and bad faith, the Court of Appeals for the Third Circuit stating

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the [movant's] motives for not amending their [pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [adverse party],

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984) (internal citations omitted); see also Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the nonmovant if the amendment is permitted); Lindquist v. Buckingham Township, Civ. Nos. 03-2431, 03-2971, 2004 WL 1598735, *6 (3d Cir. July 19, 2004) (unpublished) (affirming denial of leave to amend complaint to include equal protection claim in light of finding that the documents that the amending party alleged were withheld, and which gave rise to amended claim, were public and delay was, therefore, inexcusable);

and the Court noting that the plaintiff has not unduly delayed seeking to add the defendant in the context of this case[6] and no incurable prejudice will result from the addition at this time;[7]

and therefore, the timing of the motion and the result that it destroys jurisdiction does not show that the request for permission for leave to join this defendant is being sought in bad faith and there is nothing presently before the Court to demonstrate that defendant Veneziano is being joined for improper purposes;

and the Court having considered defendant's argument that the claim against defendant Veneziano is futile;

and the law providing that an amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations and quotations omitted);

and in determining whether an amendment is "insufficient on its face," courts employ the Rule 12(b)(6) motion to dismiss standard, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997) (citations omitted);

and a motion to dismiss being granted under Rule 12(b)(6) if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v.

---

[6]Nothing herein constitutes a finding as to whether or not claims against defendant Veneziano should have been brought during any of the prior state cases.

[7]As stated in connection with the Rule 20 analysis, the plaintiff filed this motion months before the deadline set in the Scheduling Order to do so. Moreover, responses to interrogatories and document demands are not due until October 17, 2007, no depositions have been taken, and the deadline to complete discovery is not until March 23, 2008. Thus, there has been no unfair burden on the defendant by the timing of the motion and thus, no impermissible undue delay or prejudice under Adams or Cureton.

Twombly, __ U.S.__, 127 S.Ct. 1955, 1974 (2007); see also id. at 1968-69 ("retiring" the rule first articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); Rodriguez v. Fajardo, Civ.No. 06-4996, 2007 WL 1959254, *4 (D.N.J. July 3, 2007); Charles v. Lawyers Title Ins. Corp., Civ. No. 06-2361, 2007 WL 1959253, *2 (D.N.J. July 3, 2007);

and while detailed factual allegations being unnecessary to survive a Rule 12(b)(6) motion, "a pleader's" obligation to provide the grounds of his entitlement to relief requires more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action" and requiring that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint [or pleading] are true (even if doubtful in fact)," Twombly, 127 S.Ct. at 1965; see Gross v. The German Foundation Industrial Initiative, Civ. No. 02-2936, 2007 WL 2326861, * 71 (D.N.J. August 15, 2002); Motino v. Toys "R" Us, Inc., Civ. No. 06-370, 2007 WL 2123698, * 1-2 (D.N.J. July 19, 2007); Roznowski v. S. Plainfield Police Dept., Civ. No. 06-2009, 2007 WL 2027925, *2 (D.N.J. July 9, 2007);

and when examining the sufficiency of a litigant's pleading under Rule 12(b)(6), courts consider the proposed pleading and view the allegations set forth therein as true and in the light most favorable to the party asserting them, see Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citations omitted);

and viewing the pleading under this standard, and being limited to the pleadings, the Undersigned concludes the claims against defendant Veneziano are not futile based upon Rule

14

9(b), res judicata, or ripeness;[8]

---

[8]The plaintiff was pro se when he filed this motion and submitted the proposed Amended Complaint. Thus, the pleadings must be liberally construed. Haines v. Kerner, 404 U.S. 519, 521 (1972). Through this prism, the Court examines Count 8 to determine if it is futile. The defendant has attempted to cast all of Count 8 as a fraud claim but its plain language focuses primarily on the defendant's receipt of estate assets knowing that the estate owed debts, including a debt to the plaintiff, that should have been satisfied before she accepted a distribution. See Amended Complaint at ¶¶ 32-34. The plaintiff's letter brief further characterizes his claim as follows: "that the nondiverse defendant received transfers of jewelry, artifacts, and other property from [the estate administrator] that belonged to [plaintiff] and/or the Estate . . . ." and through his amendment he seeks to "void transfers of jewelry and other property to her." Letter of plaintiff, dated August 2, 2007 at 1, 4. This portion of the claim does not sound in fraud and hence Rule 9(b) does not apply.

The only "fraud" alleged against defendant Veneziano is embodied in plaintiff's allegation that defendant Veneziano sold and transferred her interest in the life insurance policy and "wants to commit fraud" and keep what she sold. This seems to allege that she also has received money from the estate that was from the life insurance policies that plaintiff contends belonged to him and reflects plaintiff receipt of another estate asset he contends she was not entitled. Mindful that this pro se Amended Complaint must be liberally construed, see Haines, 404 U.S. at 521, this does not appear to be a claim based on a misrepresentation and hence does not involve true "fraud". Thus, Rule 9(b) does not apply.

As to the argument that Count 8 is futile because it is barred by res judicata to the extent it is based upon the life insurance policies, the Court notes that when considering the applicability of res judicata "federal courts should apply the general rule that the preclusive effect of a judgment is determined by the preclusion law of the issuing court." Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 135 (3d. Cir. 1999). Under New Jersey law, res judicata applies if there is valid, final judgment on the merits in the prior action, the parties in the second action must be identical to, or in privity with, those in the first action, and the claim in the subsequent action must arise out of the same transaction or occurrence as the claim in the first action. Balthazar v. Atlantic City Medical Center, 279 F. Supp.2d 574, 584-85 (D.N.J. 2003)(citation omitted), aff'd, 2005 WL 1473901, *6 (3d. Cir. June 22, 2005).

Here the record before the Court does not show that the parties in this case are identical to or in privity with the parties in the first action. Specifically, there is nothing to show defendant Veneziano was a party or in privity with a party to the state court litigation concerning the life insurance policies. Thus, it does not appear the doctrine of res judicata renders the claim futile. Whether or not the entire controversy doctrine bars this portion of the claim has not been specifically argued and thus, the Court makes no finding as to its applicability.

Finally, as to ripeness, the allegations of the proposed Amended Complaint state that

15

and because defendant Veneziano and the plaintiff are citizens of the same state, and there is no federal question embodied in the Amended Complaint, there is no basis for this Court to exercise subject matter jurisdiction over the Amended Complaint;

and the Undersigned therefore recommending that the United States District Judge remand this case to the New Jersey Superior Court, Morris County;

and because subject matter jurisdiction is lacking, the Undersigned decline to address the motion to add defendant Broberg; and the John Doe defendants and claims against them;[9]

and for good cause shown,

---

estate assets have been distributed. See Amended Complaint at ¶ 30. Because under the applicable standard for this motion, the allegations must be accepted as true. Thus, the defendant's certifications of no consequence at this stage are no consequence. Even if it were considered together with the allegations of the proposed Amended Complaint, and accepting the allegations as true, it appears that estate assets have been distributed to plaintiff's detriment and thus based on the applicable standard to evaluate futility, the claim is ripe. Affidavits or other evidence that may be presented on a motion for summary judgment, however, may prove otherwise.

For these reasons, none of the basis upon which the defendants argue futility preclude the proposed amendment.

[9] Because the Court recommends that the case be remanded and there is a serious question about the existence of personal jurisdiction over defendant Broberg, and as all proposed claims arise under state law, the Undersigned declines to permit the amendment. The Court notes that under federal law it would not be proper to deny a motion for leave to amend based solely on an alleged lack of personal jurisdiction and is not denying the motion on the basis of personal jurisdiction. See Azubuko v. Eastern Bank, 160 Fed. Appx. 143, *2 (3d Cir. Dec. 16, 2005)(not precedential). Rather, for the reasons stated, the Court declines to rule on the motion to join Mr. Broberg or the John Doe defendants. If the plaintiff believes there is a good faith factual basis to assert that the state court has personal jurisdiction over defendant Broberg, and a factual and legal basis to assert claims against Mr. Broberg individually or as the administrator, then the plaintiff may file the motion to amend the complaint to join him but it would be for the state court to decide if the amendment should be allowed.

IT IS on this 11th day of September, 2007

ORDERED that plaintiff's motion for leave to file an Amended Complaint to add defendant Patricia Bedrick Veneziano as a party and the allegations against her [Docket Entry No. 20] is granted and the motion to add defendant Peter Broberg and the John Doe defendants and the allegations against them is denied without prejudice to his right to renew the motion in state court ;

IT IS FURTHER ORDERED that, no later than **September 19, 2007**, the plaintiff shall file the Amended Complaint;

IT IS FURTHER RECOMMENDED that, as there is no subject matter jurisdiction over the Amended Complaint, the United States District Judge enter an Order remanding this case to the New Jersey Superior Court, Morris County.  The parties have 10 days to object to the recommendation to remand this matter; and

IT IS FURTHER ORDERED that the motion to recuse Judge Hochberg is denied.[10]

s/Patty Shwartz
United States Magistrate Judge

---

[10]The recommendation to remand moots the need to address the recusal motion as the case will no longer be assigned to Her Honor.  Nonetheless, the Undersigned finds that Judge Hochberg's affiliation more than 20 years ago with the law firm that allegedly represented the plaintiff in a separate matter is not a basis to disqualify.  First, there is nothing before the Court to show Her Honor represented the plaintiff on the matter that is the subject of this case.  Second, Her Honor's alleged knowledge of a plaintiff's counsel does not mean he would be unable to impartially evaluate the facts of this case under the governing law.